UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER CURRIE,<br><br>    Plaintiff,<br><br>    v.<br><br>J. MACOMBER, et al.,<br><br>    Defendants. | No. 2:25-cv-02616 DJC SCR P<br><br>ORDER |

Plaintiff is incarcerated in state prison and proceeding pro se on a civil rights complaint under 42 U.S.C. § 1983. On April 4, 2025, plaintiff filed the operative complaint in Amador County Superior Court, alleging a violation of the U.S. Constitution and a California state law claim. On September 11, 2025, defendants paid the filing fee and filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a), removing the action to this federal district court. (ECF No. 1.)

Pending before the undersigned is defendants' motion to withdraw their remand motion (ECF No. 11) and plaintiff's complaint for screening under 28 U.S.C. § 1915A (ECF No. 1 at 6-38). For the reasons set forth below, the undersigned grants defendants' motion to withdraw their remand motion and finds that removal is proper pursuant to 28 U.S.C. § 1331. However, plaintiff's complaint fails to state any cognizable claims for relief. Specifically, both of plaintiff's claims are both barred by the Eleventh Amendment. Plaintiff will be granted thirty (30) days to file an amended complaint.

1

**REMOVAL**

I. **Procedural Background**

Plaintiff initiated this action in Amador County Superior Court on April 4, 2025, alleging an Eighth Amendment conditions of confinement claim and a "failure to inform" claim related to alleged water contamination at Mule Creek State Prison ("MCSP"). (ECF No. 1 at 6-38.) The complaint names as defendants J. Macomber, the CDCR Secretary, in his official capacity; P. Covello, MCSP Warden, in his official capacity; and Does 1-100. (Id. at 12, 17.) The Amador County Sheriff served defendants on May 23, 2025. (Id. at 2.) Defendants maintain that the Attorney General's Office was inadvertently not notified of this action until August 12, 2025. (Id.) The Amador County Superior Court granted defendants an extension of time and ordered defendants to file a responsive pleading by September 13, 2025. (Id.) On September 11, 2025, defendants filed a notice of removal (ECF No. 1), removing the action to this Court.

The next day, defendants filed a motion to remand the action back to state court pursuant to 28 U.S.C. § 1447(c). (ECF No. 7.) Section 1447(c) provides that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Defendants explained that, upon further review of the procedural history, their notice of removal was untimely because it was filed more than 30 days after service of the initial pleading. (Id. at 2.) Therefore, defendants maintain, removal was procedurally defective under 28 U.S.C. § 1446(b).

On September 26, 2025, plaintiff filed a response, styled as an opposition, in which he complained of "consistent bad faith acts" by defendants prior to removal and judicial bias by the Amador County Superior Court. (ECF No. 9.) However, plaintiff expressly asked the undersigned to deny defendants' motion to remand: "Plaintiff assert[s] based on the current and historical facts of this case, it is Plaintiff[']s best interest to have this instant matter remain in the jurisdiction of this Honorable Court based on subject matter jurisdiction constitutionally." (ECF No. 9 at 4.) Plaintiff added that he "waives [the] 30 day requirement pursuant to 28 U.S.C. 1446(b)." (Id.) Defendants then moved to withdraw their motion to remand on October 8, 2025. (ECF No. 11.) Defendants assert that the 30 day deadline under 28 U.S.C. § 1446(b) is a

2

procedural requirement, not a jurisdictional bar, and may be waived, as plaintiff did in his opposition.[1] (Id. at 2.)

## II. Discussion

### A. Defendants' Untimely Removal is Waived

An action may be remanded to state court for (1) lack of subject matter jurisdiction; or (2) nonjurisdictional procedural defects that are challenged within 30 days of removal. 28 U.S.C. § 1447(c); Casola v. Dexcom, Inc., 98 F.4th 947, 953 (9th Cir. 2024). Untimely removal is a nonjurisdictional procedural defect that will defeat removal upon timely objection. Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980) (citations omitted); Maniar v. F.D.I.C., 979 F.2d 782, 784 (9th Cir. 1992); see also Perez v. Gen. Packer, Inc., 790 F. Supp. 1464, 1469 (C.D. Cal. 1992) (collecting cases). However, because it is nonjurisdictional, "a party may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights." Fristoe, 615 F.2d at 1212; see also Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("[P]rocedural requirements [for removal] exist primarily for the protection of the parties. Like personal jurisdiction, they can be waived.").

Here, defendants timely moved to remand the action to state court based on their late notice of removal. See 28 U.S.C. § 1447(c). In his response to that motion, plaintiff clearly and unequivocally waived this procedural defect and expressed a desire to remain in federal court. See Kelton, 346 F.3d at 1192 ("A plaintiff may wish to remain in federal court even though he or she originally filed in state court."). In light of plaintiff's waiver of defendants' late notice, the undersigned will proceed to determine subject matter jurisdiction. See Fristoe, 615 F.2d at 1212.

### B. The Court Has Federal Question Jurisdiction Over Plaintiff's Complaint

Except as otherwise expressly provided by Congress, a defendant may remove to federal

---

[1] Plaintiff also requested sanctions for defendants' alleged bad faith. (ECF No. 9 at 5.) He did not identify the basis for his request. To the extent plaintiff seeks sanctions under § 1447(c), the undersigned may issue such sanctions "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, defendants have made a reasonable explanation for their delay in seeking removal. Moreover, plaintiff has consented to removal and believes it is in his best interest. Accordingly, the court will not exercise its discretion to issue sanctions under § 1447(c).

1  court "any civil action brought in a State court of which the district courts of the United States
2  have original jurisdiction . . .." 28 U.S.C. § 1441(a).  Federal courts have original jurisdiction "of
3  all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §
4  1331.  Federal courts have an independent obligation to examine their own jurisdiction.  See
5  FW/PBS, Inc. v. City of Dallas, 493 U.S. 215 (1990).

6       "The general rule governing removal of actions from the state court to federal court is that
7  for a district court to have federal question removal jurisdiction, a federal cause of action must
8  appear on the face of the complaint." Felton v. Unisource Corp., 940 F.2d 503, 506 (9th Cir.
9  1991) (citing, inter alia, Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)).  "The
10 presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint
11 rule,' which provides that federal jurisdiction exists only when a federal question is presented on
12 the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S.
13 386, 392 (1987).

14      Plaintiff's complaint raises two causes of action related to alleged water contamination at
15 MCSP: (1) an Eighth Amendment conditions of confinement claim; and (2) a state law claim for
16 "failure to inform." (ECF No. 1 at 28-32.)  Accordingly, plaintiff has raised a federal
17 Constitutional claim over which this court has jurisdiction.  See Ultramar America, Ltd. v.
18 Dwelle, 900 F.2d 1412, 1413-1414 (9th Cir. 1990) (federal question jurisdiction exists if at least
19 one claim in the complaint arises under federal law).  The undersigned will also exercise
20 supplemental jurisdiction over plaintiff's lone state law claim, given it appears "so related to
21 claims in the action within such original jurisdiction that they form part of the same case or
22 controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  Having
23 concluded federal question jurisdiction exists, the undersigned turns to screening the complaint.

## STATUTORY SCREENING

25      The court is required to screen complaints brought by prisoners seeking relief against "a
26 governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  In
27 performing this screening function, the court must dismiss any claim that "(1) is frivolous,
28 malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

4

from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S COMPLAINT**

As stated above, plaintiff's complaint names as defendants J. Macomber, the CDCR Secretary, in his official capacity; P. Covello, MCSP Warden, in his official capacity; and Does 1-100. (ECF No. 1 at 12, 17.) Plaintiff alleges that these prison officials have failed to inform him of water contamination at MCSP and are thereby responsible for his resulting physical injuries, including stomach disorders (diarrhea, vomiting), skin irritation (itching, burning, rashes), loss of sleep, and shortness of breath. (Id. at 15, 19.) Later in the complaint plaintiff states he has been diagnosed with LGL leukemia. (Id. at 31.) Throughout the complaint, plaintiff references similar lawsuits filed by organizations and public entities that allegedly support his claims of water contamination. He claims that prison officials bring their own water and have breached contracts to build appropriate water treatment systems. (See id. at 12-15.)

As referenced above, the complaint raises two causes of action related to alleged water contamination at MCSP: (1) an Eighth Amendment conditions of confinement claim; and (2) a state law claim for "failure to inform." (ECF No. 1 at 28-32.) By way of relief, plaintiff seeks $4 million dollars. (Id. at 18, 33.)

**LEGAL STANDARDS**

**I.      42 U.S.C. § 1983**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (citations omitted).

**II.     Eighth Amendment Conditions of Confinement**

Broadly speaking, to succeed on an Eighth Amendment conditions of confinement claim, a plaintiff must show that (1) the defendant prison official's conduct deprived him of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Prison officials have an Eighth Amendment duty to ensure that incarcerated people are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. Johnson v. Lewis, 217 F. 3d 726, 731 (9th Cir. 2000). "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged

can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995). "Usually, a more offensive condition will be of constitutional significance when it exists for even a short time, while a less offensive condition will be of constitutional significance only when it has existed for a much longer time." Cockcroft v. Kirkland, 548 F. Supp. 2d 767, 775 (N.D. Cal. 2008) (denying motion to dismiss Eighth Amendment claim where plaintiff alleged he endured backflushing toilets for two years and officials refused to provide adequate supplies and tools to sanitize in response); see also Johnson, 217 F.3d at 731 ("The more basic the need, the shorter the time it can be withheld." (quoting Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982))).

## DISCUSSION

### I. Failure to State a Claim

Plaintiff's complaint fails to state any cognizable claims for relief. As explained below, plaintiff's claims are barred by the Eleventh Amendment because they seek damages from state prison officials in their official capacities only.

Regarding plaintiff's Eighth Amendment claim, a § 1983 suit against a state official in his official capacity is no different from a suit against the State itself. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Because § 1983 does not abrogate state sovereign immunity (i.e., the State of California has not consented to be sued under § 1983), plaintiff's Eighth Amendment official capacity damage claims are barred by the Eleventh Amendment. See Mitchell v. Washington, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity."). By contrast, plaintiffs may seek damages under § 1983 against a state official in his personal capacity. Cornel v. Hawaii, 37 F.4th 527, 531 (9th Cir. 2022) (citation omitted). A plaintiff may also pursue prospective injunctive relief against a state officials in his or her official capacity. Id.

The undersigned construes plaintiff's second claim for "failure to inform" as arising under state law.[2] However, the Eleventh Amendment also bars federal courts from hearing a

---

[2] There are several clues to support this conclusion. For one, the complaint alleges compliance with claim presentation requirements. (See ECF No. 1 at 19.) Further, the similarly worded

7

1  supplemental state law claim against a state officer acting in his official capacity. Pennhurst State
2  Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater
3  intrusion on state sovereignty than when a federal court instructs state officials on how to
4  conform their conduct to state law."); see also Spoklie v. Montana, 411 F.3d 1051, 1060 (9th Cir.
5  2005) (citing Pennhurst in dismissing plaintiff's state law claims for damages as barred by the
6  Eleventh Amendment). Accordingly, plaintiff may not proceed on either his Eighth Amendment
7  or state law damages claims against defendants Macomber and Covello in their respective official
8  capacities. In addition, the complaint does plead any facts linking any of Does 1-100 to the
9  alleged unconstitutional conditions.

## II.     Leave to Amend

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a valid claim for relief pursuant to the Eighth Amendment or California state law. Because of these defects, the court will not order the complaint to be served on defendants.

Plaintiff may try to fix these problems by filing an amended complaint. In deciding whether to file an amended complaint, plaintiff is directed to the legal standards provided above. Further, if plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

---

"failure to warn" is a cognizable negligence theory under California law. See Zetz v. Bos. Sci. Corp., 398 F. Supp. 3d 700, 707 (E.D. Cal. 2019) (denying motion to dismiss claim for negligent "failure to warn.").

Plaintiff is also informed that the court will not refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR PARTY PROCEEDING WITHOUT A LAWYER**

Your complaint will not be served because defendants, as state officials, cannot be sued in their official capacities for damages. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay attention to the legal standards in this order. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant's motion to withdraw (No. 11) is GRANTED.

2. Defendants' motion to remand (No. 7) is WITHDRAWN.

3. Defendants' deadline to file a responsive pleading is stayed pending screening of plaintiff's complaint under 28 U.S.C. § 1915A.

4. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A(b)(2), and will not be served.

5. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case, **2:25-cv-02616 DJC SCR P**, and must be labeled **"First Amended Complaint."**

6. Failure to file an amended complaint in accordance with this order will result in a

9

recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

      7.   The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: October 23, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE